SAUFLEY, C.J.,
concurring.
[¶ 25] I concur in the decision of the Court and write separately to highlight two aspects of the majority and dissent that may be lost amid the Court’s necessarily detailed legislative analysis. First, as noted, the school system at issue in this case was working in uncharted territory and undertook a rational and compassionate approach to the challenges presented to it. The school’s efforts should not be lost or minimized simply because, in the end, its actions, initially agreed to by the parents of the student, contravened the Legislature’s statutory pronouncements. Second, the points made by the dissent regarding the ramifications of the Court’s decision today, which as the dissent notes “inescapably lead to the conclusion that an individual may not be denied access to public bathrooms based upon sex,” Dissenting Opinion ¶ 34 n. 12, require legislative attention, and similarly should not be overlooked.
[¶ 26] With regard to the actions of the school, it bears repeating that the school system in this case accepted Susan as a girl, supported her parents’ efforts to create a healthy school environment for Susan, and established a plan, memorialized in meeting minutes, by which all of the adults in Susan’s life would work together in support of those goals. Critical to the issue before the Court today, the school actually anticipated the possibility that Susan could be required to use a single-user bathroom rather than the communal girls’ bathroom, and the parents, at an earlier point in the planning, did not object to the school’s anticipated action. Thus, although ultimately the parents, not unreasonably, sought to have their daughter treated identically to other girls at the school, and the law requires the school to do so, the school’s actions in anticipating challenges and planning smooth transitions around those challenges were not unreasonable.
[¶ 27] Finally, I write to encourage, as has the dissent, legislative attention to the ramifications of the current language in the statutes that have been addressed by the Court today. Specifically, the Court has concluded, as it must based on the statutes, that discrimination in the public accommodation of communal bathrooms is prohibited based on sexual orientation. See 5 M.R.S. §§ 4553(10)(G), 4592(1), *608 4602(4) (2013).[10] The statute requiring that result, id. § 4592(1), also prohibits discrimination based simply on “sex.” Thus, the next logical step given the Court’s inevitable interpretation of the existing statute is, as the dissent points out, the assertion that access to the public accommodation of designated communal bathrooms cannot be denied based on a person’s sex. See Dissenting Opinion ¶ 34 n. 12.
[¶ 28] Put simply, it could now be argued that it would be illegal discrimination for a restaurant, for example, to prohibit a man from using the women’s communal bathroom, and vice versa. I agree with the dissent that it is highly unlikely that the Legislature actually intended that result. Accordingly, on this matter of public policy, it would benefit the public for the Legislature to act quickly to address the concern raised by the dissent in this matter.

. Although 5 M.R.S. § 4553(10)(G) (2013) was amended after the events at issue here, see P.L. 2011, ch. 613, § 9 (effective Sept. 1, 2012) (codified at 5 M.R.S. § 4553(10)(G)(2) (2013)), the amendment is immaterial to the issues raised in this appeal, and I cite to the current statute.